UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JINWEN YANG,
                     Petitioner,

        -v-

JUDITH ALMODOVAR, *et al.*,
                     Respondents.

25-CV-10265 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

      Petitioner Jinwen Yang, a Chinese national, entered the United States on April 26, 2024. (ECF No. 1 ¶ 40.) Yang was charged with having entered the United States without admission or inspection, in violation of 8 U.S.C. § 1182(a)(6)(A)(i). (ECF No. 6-1 at 1.) On December 11, 2025, Yang was arrested by Immigration and Customs Enforcement ("ICE") while reporting for a scheduled check-in at 26 Federal Plaza, New York, New York. (ECF No. 1 ¶ 41.) That same day, Yang filed the instant petition for the writ of habeas corpus seeking release or, in the alternative, a bond hearing within seven days of the filing of the petition. (ECF No. 1 at 14.)

      Yang's challenge to her detention raises a question that has been already asked and answered in this Court: whether a person who is living in the United States after entering the country unlawfully is detained under 8 U.S.C. § 1225(b)(2)(A) or under 8 U.S.C. § 1226(a). The distinction is material because detention under § 1225(b)(2)(A) is typically mandatory, whereas detention under § 1226(a) is discretionary and affords detained noncitizens "the right to an initial determination as to eligibility for release and the opportunity for a bond hearing upon detention." *Tumba Huamani v. Francis*, No. 25-CV-8110, 2025 WL 3079014, at *2 (S.D.N.Y. Nov. 4, 2025); 8 C.F.R. §§ 1003.19(a), 1236.1(d).

1

Overwhelmingly, this Court and others have held that § 1226(a) governs detention of noncitizens like Yang, who have been living in the United States. *See, e.g.*, *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 483-91 (S.D.N.Y. 2025); *J.G.O. v. Francis*, No. 25-CV-7233, 2025 WL 3040142, at *2-4 (S.D.N.Y. Oct. 28, 2025); *Tumba Huamani*, 2025 WL 3079014, at *2-5.; *Cardenas v. Almodovar*, No. 25-CV-9169, 2025 WL 3215573, at *1-2 (S.D.N.Y. Nov. 18, 2025); *Barco Mercado v. Francis*, No. 25-CV-6582, 2025 WL 3295903 (S.D.N.Y. Nov. 26, 2025); *Goorakani v. Lyons*, No. 25-CV-9456, 2025 WL 3632896, at *6-8 (S.D.N.Y. Dec. 15, 2025). (*See also* ECF No. 1 ¶ 33 (collecting out-of-Circuit cases).) Respondents do not attempt to distinguish the facts of the present case from those underlying these prior decisions. (ECF No. 5 at 2.) Instead, they ask this Court to split with the resounding majority of cases in this Circuit, relying on a small handful of cases that ruled in favor of the government. (*Id.* (citing *Candido v. Bondi*, No. 25-CV-867, 2025 WL 3484932 (W.D.N.Y. Dec. 4, 2025), *Chen v. Almodovar*, No. 25-CV-8350, 2025 WL 3484855 (S.D.N.Y. Dec. 4, 2025), and *Liang v. Almodovar*, No. 25-CV-09322, 2025 WL 3641512 (S.D.N.Y. Dec. 15, 2025).)

Substantially for the reasons stated in *Lopez Benitez*, this Court concludes that Yang was not subject to mandatory detention under 8 U.S.C. § 1225(b), and instead "may be subject to detention only as a matter of discretion under § 1226(a)." *Lopez Benitez*, 795 F. Supp. 3d at 491. As explained in Judge Ho's well-reasoned analyses of relevant prior decisions, the text of each provision, alongside the overall statutory scheme, amendment history, and the government's own recent understanding of the relevant provisions, compel the conclusion that § 1225(b)(2)(A) applies only to noncitizens actively "seeking admission" to the United States, and not to individuals like Yang who have already entered and have been residing in the country. *See, e.g.*, *id.* at 483-91. To rule in Respondents' favor on this question would require adopting a reading

of § 1225(b)(2)(A) and § 1226(a) that runs contrary to the text of the statutes, contemporaneously implemented regulations, and the purpose of recent amendments expanding the scope of mandatory detention for certain noncitizens involved in criminal conduct.  *See Goorakani*, 2025 WL 3632896, at *9-12.

Because Yang's detention is governed by § 1226(a) and there is no evidence of an individualized assessment "sufficient to qualify as a valid exercise of discretion," *Lopez Benitez*, 795 F. Supp. 3d at 496, Yang's detention violates the Due Process Clause.  *See, e.g.*, *Tumba Huamani*, 2025 WL 3079014, at *7.  Respondents urge that the proper remedy is a bond hearing.  (ECF No. 5 at 3.)  However, "to accept that argument is to ignore the gravamen of Petitioner's claim, which is that the Government violated her due process rights by detaining her without exercising any discretion in the first instance."  *Cardenas*, 2025 WL 3215573, at *3.  Respondents' ongoing detention of Yang with no process at all violates her due process rights, and she must be released.  *Id.*; *see also Tumba Huamani*, 2025 WL 3079014, at *8-9.

Having determined that Yang's procedural due process rights were violated, the Court does not address her alternative arguments.

The petition for a writ of habeas corpus is GRANTED.  Respondents are hereby ORDERED to immediately release Yang from custody and certify compliance with this order by filing an entry on the docket no later than 12:00 p.m. on December 19, 2025.  The conference previously scheduled for December 18, 2025 at 3:00 p.m. is hereby adjourned.

SO ORDERED.

Dated: December 18, 2025
      New York, New York

_____
J. PAUL OETKEN
United States District Judge